**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY A. LEARY, *Administrator Ad Prosequendum of the ESTATE OF KRlSTEN DIANA LEARY, deceased*,<br><br>*Plaintiff*,<br><br>v.<br><br>YUCE CHENG, *et al.*,<br><br>*Defendants*, | Civil Action No. 21-cv-00125<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This case arises out of a car accident on the New Jersey Turnpike, and Plaintiff has moved to remand the case back to state court. D.E. 2. The Court reviewed the parties' submissions[1] in support and in opposition and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiff's motion is granted.

**I.    BACKGROUND**

Plaintiff initially filed suit in the Superior Court of New Jersey, Law Division, Middlesex County. D.E. 1. at 9. Plaintiff alleges that on November 25, 2019, decedent Kristen Leary was driving southbound on the New Jersey Turnpike in Woodbridge, New Jersey, when she was struck head-on by Defendant Yuce Cheng, who was driving in the wrong direction. *Id*. at 9-10, ¶¶ 1-4. Kristen Leary passed away the same day. *Id*. ¶ 5.

---

[1] Plaintiff's brief in support of the motion to remand, D.E. 2-15 ("Br."); Defendant's oppositions, D.E. 7 ("Opp. 1"), D.E. 8 ("Opp. 2"); and, Plaintiff's reply brief in further support of the motion to remand, D.E. 21 ("Reply"). For some reason, Defendant's counsel filed separate opposition briefs. Plaintiff did not challenge this practice.

On July 6, 2021, Plaintiff filed suit in the Superior Court of New Jersey, Law Division, Middlesex County. *Id*. at 9. Defendant Cheng then removed the matter to this Court on January 5, 2021. *Id*. The present motion followed. D.E. 2.

## II.     STANDARD OF REVIEW

The federal removal statute provides in part as follows:

> Except as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The notice of removal asserts that this Court's jurisdiction is based on diversity of citizenship. D.E. 1 at 3, ¶ 6. Diversity jurisdiction is governed by 28 U.S.C. § 1332 and provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States; . . . citizens of a State and citizens or subjects of a foreign state [.]" 28 U.S.C. § 1332(a)(1)-(2).

"[I]n determining whether a federal court may exercise jurisdiction based upon diversity of citizenship, the court must look to 'the state of things at the time of the action brought.'" *Tomei v. Rife & Assocs. Mgmt. Consulting, LLC*, No. 17-6490, 2018 WL 1891473, *2 (D.N.J. April 20, 2018) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)). "A natural person is deemed to be a citizen of the state where he is domiciled." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). And, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" 28 U.S.C. § 1332(c)(2).

Following removal, a plaintiff may move to remand the case. 28 U.S.C. § 1447. Two grounds for remand are "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion to remand based on a defect in the removal process "must be made within 30 days after the filing of the notice of removal under section 1446(a)," 28 U.S.C. § 1447(c), but "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212-13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)). Plaintiff alleges a procedural defect. The remand motion was made on February 1, 2021, after the January 5, 2021, notice of removal, and is therefore timely.

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "[W]hen the propriety of the removal is challenged, the burden is on the defendant to show that removal is proper[.]'" *Gabriella's LLC v. Hartford Ins. Grp.*, No. CV207799FLWZNQ, 2021 WL 733686, at *2 (D.N.J. Feb. 25, 2021). A district court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties about the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Removal statutes are strictly construed against removal and all doubts are resolved in favor of remand. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

### III.   ANALYSIS

Plaintiff first argues that the removal was untimely. Br. at 12-14. 28 U.S.C. § 1446(b)(1) provides as follows:

> The notice of removal of a civil action or proceeding *shall be filed within 30 days after* the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, *or within 30 days after* the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphases added).

Plaintiff contends that service was accomplished on November 22, 2020, and that Defendant's thirty-day removal period lapsed by December 23, 2020, Br. at 2, several days before the notice of removal was filed on January 5, 2021, D.E. 1. Defendant contends that the time to remove was extended under 28 U.S.C. § 1446(b)(3). That section provides as follows:

> Except as provided in subsection (c),[2] if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Defendant's notice of removal, however, indicates that Defendant was able to ascertain the removability of this matter from Plaintiff's Complaint. The notice of removal states that "[a]t the . . . time this Complaint was filed, Defendant Yuce Cheng, was and still is a citizen of the People's Republic of China." D.E. 1 at 4, ¶ 10. The notice of removal continues that "[t]he Plaintiffs, in their Complaint, alleged to be citizens of the State of New Jersey, with the deceased Plaintiff, Kristen Diana Leary, being a resident of New Jersey." *Id*. ¶ 12. And the notice of removal indicates that the amount in controversy exceeds $75,000.00. *Id*. ¶¶ 16, 19-20. In short,

---

[2] Subsection (c) provides: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c). The subsection does not apply here.

Defendant's notice of removal states that Defendant knew that this matter was removable by reviewing the Complaint.

Nonetheless, Defendant now claims that he was not able to discern removability from the Complaint.  Not only is this assertion undercut by his notice of removal, but Defendant has also failed to show his receipt "of a copy of an amended pleading, motion, order or other paper" from which he ascertained the matter was removable.  *See* 28 U.S.C. § 1446(b)(3).  Defendant's opposition fails to identify any new document – let alone new information – that permitted him to ascertain the removability of this matter.  *See generally* Opp. 2 at 2-6.  Defendant's opposition claims that the state court's December 18, 2020, consolidation order qualifies under 28 U.S.C. § 1446(b)(3) and was the first time that Defendant became aware of his Chinese citizenship.  Opp. 1 at 5.  The Court disagrees and, frankly, cannot understand the assertion that Plaintiff did not know his citizenship.[3]  Defendant fails to show that he qualifies for an extension under 28 U.S.C. § 1446(b)(3).  The only remaining question is whether Plaintiff's initial complaint was properly served on November 22, 2020.

"[T]he thirty-day period for removal begins to run once the defendant, or his agent, is properly served with the summons and complaint." *Gabriella's LLC*, No. CV207799FLWZNQ,

---

[3] And Defendant's claim that his counsel was unaware of Defendant's citizenship until December 18, 2020, also fails because 28 U.S.C. § 1446(b)(3) speaks in terms of "receipt of [information] by the *defendant*" not counsel.  This assertion is also dubious.  Vincent J. Balzano, Esq. certified service of Defendant's motion to consolidate his affirmative case and Plaintiff's affirmative case on "Foster & Mazzie, LLC . . . [a]ttorneys for Defendant in Leary v. Cheng" on November 24, 2020.  D.E. 2-13 at 3.  That motion contained a certification acknowledging that "[o]n or about July 7, 2020, [Plaintiff] commenced an action for wrongful death against YUCE Cheng." *Id*. at 5, ¶ 7.  And, regardless of when Defendant's attorneys at Foster and Mazzie became aware of Plaintiff's suit, Defendant's papers admit that Vincent Balzano, Esq. knew of Plaintiff's suit as early as November 6, 2020.  D.E. 8-1 at 3, ¶ 10; D.E. 6 at 4, ¶ 10.  Finally, as a practical matter, the Court is not willing to accept a claim that counsel did not know of his client's citizenship – absent some extraordinary showing in support.

2021 WL 733686, at *3; *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-54 (1999).  To determine the validity of service before removal, a federal court must apply the law of the state under which the service was made.  *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 560 (D.N.J. 2009).  Plaintiff claims service was accomplished under N.J. Ct. R. 4:4-4(b)(3) pursuant to a court order permitting Plaintiff to accomplish service on Defendant through his insurance provider.  Br. at 7.  N.J. Ct. R. 4:4-4(b)(3) provides as follows:

> (b) Obtaining *In Personam* Jurisdiction by Substituted or Constructive Service.
> . . .
> (3) *By Court Order.* If service can be made by any of the modes provided by this rule, no court order shall be necessary. If service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process of law.

N.J. Ct. R. 4:4-4(b)(3).

Here, Plaintiff provided an order from the Hon. James F. Hyland, J.S.C., ordering the following:

> Plaintiff is hereby granted leave to affect service upon Defendant, Yuce Cheng, pursuant to N.J.R. 4:4-4(b)(3). By serving his automobile insurer, State Farm Fire and Casualty Company, via certified mail, return receipt requested, and, simultaneously, by ordinary / first class mail addressed to: State Farm Claims, PO Box 106171, Atlanta, GA 30348-6171, Attn: Brandie Hudson Claim Specialist.

D.E. 2-11 at 3-4.  Plaintiff's counsel certified that such service was accomplished on November 22, 2020.  D.E. 2-1 at 9-10, ¶¶ 22-23.  Defendant does not contest that service pursuant to that order occurred on November 22, 2020.  D.E. 8-1 at 3, ¶ 13 (admitting that "Plaintiff effectuated service of process on State Farm with process by certified mail on or about November 22, 2020.").  Accordingly, service was accomplished on November 22, 2020, and Defendant's last day to

remove the matter was December 22, 2020. 28 U.S.C. § 1446. Defendant's notice of removal, filed on January 5, 2021, D.E. 1, was untimely.

Defendant relies on *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018) where the Fourth Circuit held "that that service on a statutory agent is not service on the defendant within the meaning of § 1446(b)." *See* Opp. 1 at 2-4; Opp. 2 at 3. *Elliot* is not binding on this Court and, importantly, the *Elliot* court's decision applied to "service on a *statutory* agent." *Elliott*, 883 F.3d at 394 (emphasis added). Here, Defendant makes no attempt to demonstrate that State Farm was Plaintiff's statutory agent.[4] Rather, after Plaintiff's counsel's unsuccessful efforts to personally serve Defendant, *see* D.E. 2-7, D.E. 2-8, a New Jersey Superior Court Judge permitted service on State Farm pursuant to a New Jersey Court Rule. D.E. 2-11. Accordingly, *Elliot* is also distinguishable. Defendant's notice of removal was untimely and Defendant failed to meet his burden to show he qualified for an extension under 28 U.S.C. § 1446(b)(3).

### IV. CONCLUSION

For the reasons stated above, Plaintiff's motion, D.E. 2, is granted. An appropriate Order accompanies this Opinion.

Dated: August 20, 2021

_____<br>
John Michael Vazquez, U.S.D.J.

---

[4] The *Elliot* court defined "statutory agent" to mean "[a]n agent designated by law to receive litigation documents and other legal notices for a nonresident corporation." *Elliott*, 883 F.3d at 390 (quoting Black's Law Dictionary (10th ed. 2014)). Defendant does not discuss how State Farm fits within this definition.